UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GARY NEEDHAM, O/B/B ALICE
NEEDHAM, DECEASED

                Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

Case No.: 2:12-CV-01147-AC
FINDINGS AND
RECOMMENDATION

---

ACOSTA, Magistrate Judge:

*Introduction*

      Plaintiff Gary Needham ("Needham") brings this action on behalf of Alice Needham ("Claimant"), deceased, for review of the Social Security Administration ("SSA") Appeals Council decision denying her request for review. The defendant Commissioner of Social

Security ("Commissioner") brings a motion pursuant to FED. R. CIV. P. 12(b)(1) arguing that this court is without subject matter jurisdiction to review the merits of Needham's appeal.

This court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The court finds that the Commissioner's decision to dismiss the case based on *res judicata* is not a "final decision" over which this court may exercise subject matter jurisdiction. Accordingly, Needham's appeal should be dismissed.

*Background*

On March 9, 2005, Claimant filed an application for Disability Insurance Benefits ("DIB") alleging disability beginning on February 1, 2005 ("the onset date"). (Decl. of Robert Weigel ("Weigel Decl.), Ex. 1 at 1.) Claimant's application was denied initially and upon reconsideration. Pursuant to Claimant's timely application, Administrative Law Judge Catherine R. Lazuran ("ALJ Lazuran") held a hearing to consider Claimant's allegations. *Id.* ALJ Lazuran concluded that Claimant was not disabled within the meaning of the Social Security Act on or before Claimant's date last insured ("DLI"). *Id.* at 9.

An applicant is entitled to DIB only if she becomes disabled on or before their DLI. Here, ALJ Lazuran noted that "there [was] little evidence of diagnoses in 2003 **AND** [Claimant was] not alleging an onset date before [her DLI]." *Id.* The ALJ further noted that in April 2005 Claimant was asked for medical information evidencing a disability prior to her DLI but "the claimant reported that the only medical problems she had prior to her DLI . . . were not related to her disability." *Id.* at 13. Despite the futility of her claim, Claimant demanded the reconsideration process to go forward. *Id.* In concluding, the ALJ stated that "review of the medical evidence of record reveals no evidence of a severe impairment before the DLI" and "there [is] little evidence of diagnoses in 2003." *Id.* In reaching her determination, the ALJ reviewed the medical records provided from September 18, 2000, to January 1, 2005, and from

April 3, 2002, to March 9, 2007. *Id.* at 15.  Also, the earning records submitted "did not show earnings since 2002." *Id.*

On May 19, 2005, Claimant filed a timely request for a hearing but knowingly and voluntarily waived the right to personally appear and testify. *Id.* Instead, Claimant was represented by counsel at the hearing.  (Pl.'s Resp. to Def.'s Mot. Dismiss ("Pl.'s Resp.") at 1.) The Appeals Council denied her request for review.  (Weigel Decl. Ex. 2 at 1.)  Because Claimant did not seek federal court review of that decision, ALJ Lazuran's Opinion and Order became the Commissioner's final decision on September 5, 2008. *Id.* at 23.

On May 6, 2009, Claimant filed a second application for disability insurance benefits alleging an onset date of September 30, 2003. This claim was initially denied on May 6, 2009, and upon reconsideration on June 15, 2009, because Claimant failed to introduce new evidence. *Id.* Thereafter, Claimant, represented by counsel, filed a written request for a hearing. *Id.* The Commissioner concluded that Claimant's second claim was the "same case" because it involved identical issues and facts as were present and decided in the previous case.  (Weigel Decl. Ex. 3 at 1.)  On that basis, the Commissioner treated Claimant's second claim as a request to reopen her previous claim.

On December 10, 2010, Administrative Law Judge Dan R. Hyatt ("ALJ Hyatt") issued an "Order of Dismissal" rejecting Claimant's request to reopen on *res judicata* grounds.  *Id.* Claimant submitted two new letters submitted as evidence in support the second application, but the ALJ determined that the letters were not material evidence warranting reconsideration of ALJ Lazuran's decision. *Id.*  Because Claimant's second claim was the "same case" as her first claim, the ALJ dismissed Claimant's request to reopen on the grounds that *res judicata* precluded the court's consideration of the merits.  Thereafter, the Appeals Council denied

request for review by notice on April 26, 2012, and upheld ALJ Hyatt's decision. (Weigel Decl. Ex. 4 at 1.) Claimant's request for judicial review by this court followed.

*Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). A defendant may support a motion to dismiss under Rule 12(b)(1) with evidence that refutes the facts alleged in the complaint giving rise to subject matter jurisdiction. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a Rule 12(b)(1) motion to dismiss the court must take all allegations in the complaint as true, but may also consider extrinsic evidence properly submitted. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). Therefore, once the defendant has introduced such evidence, the plaintiff must furnish any other evidence, like affidavits, necessary to satisfy its burden showing the court has no jurisdiction. *Principal Life Ins. Co. v. Robinson,* CV 00-1345-BR, 2001 WL 34045850, at *2 (D. Or. July 5, 2001); *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989); *Meyer,* 373 F.3d at 1039 (2004).

*Discussion*

Defendant moves to dismiss Claimant's complaint asserting that this court may not exercise jurisdiction over this appeal because that requires a final agency decision, and because a decision based on *res judicata* grounds is not a final decision subject to judicial review.

I.  The Court's Jurisdiction to Review the Petition to Reopen

Notwithstanding the sovereign immunity generally afforded the SSA, Congress authorized judicial review of, and federal court subject-matter jurisdiction over, certain decisions made by the Commissioner. *Kenney v. Barnhart*, SACV 05-426 MAN, 2006 WL 2092607, at *7 (C. D. Cal. July 26, 2006).  For claims arising under the Social Security Act, the sole avenue for judicial review is provided in 42 U.S.C. § 405(g).  *Milsap v. Soc. Sec. Admin.*, CV 10-1757-PHX-JAT, 2011 WL 2135079, at *2 (D. Ariz. May 31, 2011).  Section 405(g) allows district courts to review decisions of the Commissioner after a discretionary appeal from an adverse final decision by an ALJ.  42 U.S.C. § 405(g); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001).  Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

A claimant is entitled to receive meaningful notice and an opportunity to be heard before her claim for benefits may be denied.  *Boettcher v. Sec'y of Health & Human Servs.,* 759 F.2d 719, 722-23 (9th Cir. 1985).  A hearing affords the opportunity for a claimant to present his case and for an adjudicator to see the claimant and "engage in a searching factual inquiry . . .  and should result in more accurate decision-making."  *Id.*  A disability determination becomes a "final decision" only after a four-step administrative inquiry: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a).  If a claimant fails to exhaust his or her administrative remedies by proceeding through each step, the decision is not final and the court has no jurisdiction to review it.  *Bass v. Soc. Sec. Admin.,* 872 F.2d 832, 833 (9th Cir.1989); *Cardot v. Astrue*, 2011 WL 3924830, at *1 (W. D. Wash. Aug. 22, 2011).

If the Commissioner renders an unfavorable final decision, a claimant may petition the Commissioner to reopen his or her case for reconsideration on the merits. *Califano v. Sanders*, 430 U.S. 99, 109 (1977).  The decision to reopen a previously-rendered final decision is discretionary, and the Commissioner may deny the claimant's petition without hearing. *Id*.  The Commissioner's refusal to reopen is not itself a final decision, and district courts have no jurisdiction to review decisions denying a petition to reopen unless the claimant challenging the decision asserts a colorable constitutional claim. *Id*.

One constitutional issue which can give rise to a district court's jurisdiction occurs when the Commissioner misapplies *res judicata*. *Krumpelman v. Heckler*, 767 F.2d 586, 589-90 (9th Cir. 1985).  The doctrine of *res judicata* applies to administrative proceedings by virtue of 41 U.S.C. § 405(h),[1] and is an appropriate grounds for denying a petition to reopen. *Res judicata* is important to serve the commissioner's interest in expediency and finality, but "enforcement of that policy must be tempered by fairness and equity." *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982).  However, when "the record is patently inadequate to support the findings the ALJ made, application of *res judicata* is tantamount to a denial of due process." *Id*. at 940-41.  Thus, where an ALJ's misapplication of administrative *res judicata* results in a denial of due process, the court may exercise jurisdiction over the case even though it is not a final decision. *Krumpelman v. Heckler*, 767 F.2d 586, 589-90 (9th Cir. 1985).

---

[1] "(h) Finality of Commissioner's decision: The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. 42 U.S.C.A. § 405 (2013)."

Before the court addresses the merits of Needham's argument, the court must determine whether it has jurisdiction in the first instance to review the ALJ's application of *res judicata*. Although the court has limited jurisdiction to review the merits of the Commissioner's discretionary decisions, it retains "jurisdiction to determine its own jurisdiction by examining the *res judicata* predicate . . . ." *McGowen v. Harris*, 666 F.2d 60, 64-65 (4th Cir. 1981) (cited favorably by *Krumpleman*, 767 F.2d at 588-89). According to *McGowen*:

> [U]pon a challenge to its jurisdiction on the basis that administrative *res judicata* has been applied in bar of a claim, or that discretionary reopening of a previously denied claim has been denied, or both, the district court has jurisdiction to determine, as appropriate, whether *res judicata* has been properly applied, or whether, though *res judicata* might properly have been applied, the claim has nevertheless been reopened.

666 F.2d at 66 (emphasis added).    Alternatively, the court may assert jurisdiction if the Commissioner explicitly or implicitly granted Claimant's request to reopen her initial decision and rendered a final decision on the merits. *Id.* at 67-68.

Here, Needham does not specifically claim that he and Claimant were denied due process – only that the Commissioner incorrectly applied *res judicata* to the present case. Because this case does not involve independent constitutional issues, the court must dismiss Needham's case for lack of subject matter jurisdiction unless: (1) the Commissioner incorrectly applied *res judicata* or (2) the Commissioner reopened the case by deciding the case on the merits.

A. *Application of Res Judicata*

A claim may be dismissed on *res judicata* grounds if the claim at issue involves the "same claim" which rests on identical facts and issues of law. *Hackler v. Astrue*, No. 09-395-CV-W-FJG, 2010 WL 1752130, at *2 (W.D. Mo. May 3, 2010); *Stuckey*, 488 F.2d 904, 911 (9th Cir. 1973). If the Commissioner renders a final decision unfavorable to the claimant in the first case, the claimant is thereafter presumed non-disabled. *Chavez v. Bowen*, 844 F.2d 691, 694 (9th

Cir. 1988). The claimant may overcome this presumption only by submitting "new and material evidence" of disability. *Id.* For example, "attainment of 'advanced age,'" or alleging a new period of disability "would preclude application of *res judicata* to the first ALJ's ultimate finding against disability." *Id.* Even if the trailing case involves new facts and issues, "[t]he first ALJ's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to some *res judicata* consideration." *Id.* at 694.

However, *res judicata* is not applicable to bar claims resting on different facts than those in a prior case. For example, *res judicata* is inapplicable to dismiss a renewed claim for disability involving a period of alleged disability that was not adjudicated in a prior claim. Social Security Administration, *Acquiescence Ruling 97-4(9)* (Dec. 3, 1997). Because there is a new period at issue, the second claim is not the "same case" and is not precluded by the first case. *Id.* The Social Security Administration explained that where a claimant brings forth new evidence not available in the first case, the Commissioner must:

> [a]pply a presumption of continuing nondisability and, if the presumption is not rebutted by the claimant, determine that the claimant is not disabled; and (2) if the presumption is rebutted, adopt certain findings required under the applicable sequential evaluation process for determining disability, made in the final decision by the ALJ or the Appeals Council on the prior disability claim.

*Id.*

Needham alleges that the Commissioner incorrectly applied *res judicata* to this case because the first claim and second claim were not the "same case." In claimant's first claim, she alleged an onset date of February 1, 2005, but her DLI was September 30, 2003. Because a DIB claimant must establish that they became disabled prior to their DLI, ALJ Lazuran construed Claimant's claim liberally, and analyzed whether she was disabled on her DLI. Despite the ALJ's liberal treatment of Claimant's allegations, she nonetheless concluded that was "little evidence of diagnoses in 2003 **AND** the claimant is not alleging an onset date before the date she

was last insured for purposes of disability benefits.  A further thorough review of the evidence of record shows there is no evidence supporting an earlier alleged onset date." (Weigel Decl. Ex 1 at 8) (emphasis original).  Thus, in Claimant's first claim ALJ Lazuran adjudicated Claimant's disability status between September 30, 2003 and February 1, 2005.  To the extent a second claim involved the same facts and issues, ALJ Lazuran's conclusion is entitled to preclusive effect.

Claimant filed her second claim in May 2009 alleging an onset date of September 30, 2003 – claimant's DLI.  However, ALJ Lazuran had already determined Claimant was not disabled on or after her DLI.  Because the Commissioner had already adjudicated claimant's allegation of disability on, before, and after her DLI, Claimant's second claim was the "same case" for *res judicata* purposes unless the Claimant submitted "new and material evidence." *McGowen*, 666 F.2d at 67.  The SSA and its implementing regulations do not define "material evidence."  The definition of "new" is self-evident: it must mean evidence submitted to the Commissioner during the second claim was not introduced during the first claim.  "Evidence is material . . . if there is a 'reasonable likelihood' that it 'could have affected the judgment of the trier of fact' if it had been made available [in the first case.]" *Murray v. Schriro*, ---F.3d---, No. 08-99013, 2014 WL 998019, at *26 (9th Cir. March 17, 2014) (analyzing the phrase in the context of a criminal case).

The court agrees with ALJ Hyatt that Claimant submitted no "new and material evidence" which would create new issues of fact in the second case and preclude application of *res judicata*.  Claimant submitted only two pieces of new evidence for her second claim.  The first was a letter from her husband, the claimant in this case.  The second was a letter from her friend, Kimberly Miracle.  Both letters are from 2010, and were "consistent with the claimant's

initial allegations in her first application"; thus, they contain no "new" evidence. These letters also contain no information which would create a "reasonable likelihood" that the ALJ would have rendered a different decision in the first case. Therefore, the evidence is not "material." Because these letters do not constitute "new and material evidence" and the time-period at issue in the second case had already been adjudicated, it was the "same case" as the first claim for *res judicata* purposes. Therefore, the Commissioner did not err by applying administrative *res judicata* as grounds to deny Claimant's petition to reopen her case.

B. *Reopening Claimant's first claim.*

Needham also fails to establish that the Commissioner reopened Claimant's first claim and rendered a second final decision. An ALJ may purport to deny a petition to reopen on the basis of *res judicata* while nonetheless delving deeply into the merits of the case to be reopened. When this occurs, appellate courts treat it as if the ALJ granted the claimant's petition, and exercise jurisdiction to review the legal sufficiency of the Commissioner's action. *See Farley v. Califano*, 599 F.2d 606, 608-09 (4th Cir. 1979) (reviewing the decision of an ALJ despite invocation of *res judicata* because the decision "appears to be a decision on the merits"). When denying a case on *res judicata* grounds, however, the ALJ need not avoid discussing the merits of a case at all cost. The Ninth Circuit, quoting *McGowen*, has reasoned that the Secretary "must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter." *Krumpleman*, 767 F.2d at 589. The court will refuse to exercise jurisdiction so long as "the discussion of the merits is followed by a specific conclusion that the claim is denied on *res judicata* grounds." *Id.*

In her opinion disposing of Claimant's second claim on *res judicata* grounds, ALJ Hyatt specifically concluded that, "the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies. Because the doctrine of *res judicata* applies, the request for hearing . . . is dismissed." (Weigel Decl. Ex. 3 at 3.)  The ALJ did not delve deeply into the merits of Claimant's first claim, and specifically concluded that Claimant's petition to reopen was denied on the basis of *res judicata*. Therefore, the court concludes that the Commissioner did not reopen Claimant's first disability claim.  Because the Commissioner's denial of claimant's petition to reopen her claim for DBI properly applied *res judicata* and raised no constitutional issues, it was not a reviewable final decision.  As a result, this court has no jurisdiction to consider Needham's claim, and should dismiss the suit now before it.

### Conclusion

For the aforementioned reasons, this court has no jurisdiction to review the merits of this case, and the Commissioner's motion to dismiss should be GRANTED.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due August 15, 2014. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If no objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

Dated this 31st day of July 2014.

JOHN V. ACOSTA
United States Magistrate Judge

FINDINGS AND RECOMMENDATIONS    11                                    {JGM}